IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| SHERESE ABRAMS, | : | CIVIL ACTION | : |
| Plaintiff, | : | | |
| v. | : | | |
| | : | | |
| PHILADELPHIA HOUSING AUTHORITY, | : | NO. 12-6652 | |
| Defendant | : | | |

### MEMORANDUM & ORDER RE: DEFENDANT'S MOTION TO DISMISS

**Baylson, J.**                                                                                                          **May 20, 2013**

      Plaintiff, Sherese Abrams, was evicted from her apartment by Defendant, Philadelphia Housing Authority, for non-payment of rent. Plaintiff claims the eviction amounted to "discrimination," and thereby seeks relief under the Federal Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619. Defendant has filed a Motion to Dismiss Plaintiff's Complaint, with prejudice, on several independent grounds, including its assertion that Plaintiff's claim is time-barred by FHA's statute of limitations. (ECF No. 7).

      The FHA provides that "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1). Since Plaintiff was evicted on May 29, 2009, the window of time in which Plaintiff could have asserted a claim under the FHA expired on May 29, 2011. Plaintiff did not file the instant Complaint until December 3, 2012, and thus her claim is time-barred.

      Although Plaintiff filed a previous Complaint with this Court on May 26, 2011, that Complaint was dismissed without prejudice for Plaintiff's failure to prosecute. Def's Mot to Dismiss, Ex. G. The Third Circuit has made clear that a complaint dismissed without prejudice does not toll the statute of limitations, absent a narrow exception inapplicable to this case. <u>See</u>

Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) ("A 'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'" (quoting Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983))).  Accordingly, because Plaintiff's claim is barred by the FHA's statute of limitations, it is ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice is GRANTED.

The Clerk of the Court shall close the case.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 12\12-6652 abrams v. PHA\order.docx